UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLEVELAND-CLIFFS BURNS HARBOR LLC, et al., <br><br> Defendants. | Case No. 2:23-CV-381-GSL-JEM |

**OPINION AND ORDER**

On November 8, 2023, the government brought this action against the Defendants alleging natural resource damages under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9601 et seq. Before the Court is the Government's Unopposed Motion to Enter a Consent Decree [DE 4], along with its Brief in Support of the Motion [DE 5]. For the reasons stated below, the Motion is GRANTED, and the Consent Decree will be ENTERED.

**BACKGROUND**

This action arises from alleged CERCLA violations by the Defendants at their Lake Michigan facility, located directly adjacent to Indiana Dunes National Park. [DE 5]. The Lake Michigan facility is one of the largest fully integrated steel mills in North America. [DE 5]. In August of 2019 the facility's water recycling system failed. [DE 5]. As a result, millions of gallons of high-ammonia and high-cyanide water were discharged into the Little Calumet River, leading to permit violations, beach closures, and a significant fish kill in the river. [DE 5].

The parties have reached a compromise to address these violations, which is embodied in the Consent Decree before the Court. The terms of the Consent Decree require Defendants to

donate two parcels of land for conservation, pay to have the impacted areas fully remedied, and reimburse the government for the costs incurred in assessing the damage. [DE 2, DE 5]. The U.S. Department of Justice gave notice of the proposed settlement in the Federal Register and sought public comment during a 30-day period. *See* 88 Fed. Reg. 80,764 (Nov. 20, 2023). Two comments were received.

## DISCUSSION

Approval of a consent decree is a judicial act that is committed to the sound discretion of the district court. *Madison County Jail Inmates v. Thompson*, 773 F.2d 834, 845 (7th Cir. 1985). Courts should exercise this discretion in a limited and deferential manner, as the fairness of a settlement is "a matter best left to the negotiation between the parties." *Mars Steel Corp. v. Cont'l Illinois Nat'l Bank and Trust Co. of Chicago*, 834 F.2d 677, 681 (7th Cir. 1987). Public policy strongly favors settlements of disputes without litigation. *United States v. BP Oil Exploration & Oil Co.*, 167 F. Supp. 2d 1045, 1050 (N.D. Ind. 2001). That policy is particularly strong where, as here, government actors committed to the protection of the public interest have constructed the proposed settlement. *Id.*

When reviewing consent decrees, courts determine "not whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute." *United States v. BP Prods. North America*, 2012 U.S. Dist. LEXIS 158821, *6 (7th Cir. 2012) (citing *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)). The district court must approve a consent decree if it is reasonable, consistent with applicable law, and substantively and procedurally fair. *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011). As explained below, the Court finds that the Consent Decree satisfies each of the criteria.

i. **Reasonableness**

Analyzing a consent decree's reasonableness is "a multifaceted exercise." *United States v. BP Prods. North America*, 2012 U.S. Dist. LEXIS 158821, *9-10 (citing *Cannons Eng'g*, 899 F.2d at 89). Factors used to determine a consent decree's reasonableness include its "efficaciousness as a vehicle for cleansing the environment; the extent to which it satisfactorily compensates the public for actual and anticipated costs of remedial and response measures; the extent to which approval of it serves the public interest; and the availability and likelihood of alternatives to the consent decree." *United States v. BP Prods. North America*, 2012 U.S. Dist. LEXIS 158821, *9-10 (citing *Cannons Eng'g*, 899 F.2d at 89-90).

Here, Defendants will provide compensation for the natural resource damages caused by the contaminated water discharges in August of 2019. Defendants must also reimburse the government for the costs incurred in assessing and addressing the damage. Finally, the Consent Decree requires that Defendants donate two parcels of land for conservation. Entry of the Consent Decree will compensate the government for the costs of the remedial and response measures, and will provide environmental benefits more quickly and at less cost than could be achieved through litigation. Accordingly, the Court finds that the Consent Decree is a reasonable settlement.

ii. **Applicable Law**

Where a lawsuit seeks to enforce a statute through a Consent Decree, the court must analyze whether the decree comports with the goals of Congress in enacting that statute. *United States v. BP Exploration & Oil Co.*, 167 F. Supp. 2d 1045, 1054 (N. D. Ind. 2001) (citing *Sierra Club v. Coca-Cola Corp.*, 673 F. Supp. 1555, 1556 (M.D. Fla. 1997)). Here, the goal of CERCLA is to protect and preserve public health and the environment from the effects of

3

hazardous substances and to ensure that those responsible for problems caused by disposal of hazardous chemicals bear the costs for remedying the harmful conditions they created. *Cannons Eng'g*, 899 F.2d at 90-91 (CERCLA purpose).

Here, the Consent Decree requires Defendants to reimburse the government for the costs incurred in both assessing and addressing the damage caused by the contaminated water. This holds Defendants directly responsible for remedying the environmental harms they caused. As such, the Consent Decree furthers the objectives of CERCLA.

### iii. **Substantive Fairness**

A consent decree is substantively fair if its terms are based on comparative fault. *United States v. N. Ind. P.S.C. LLC*, 2022 U.S. Dist. LEXIS 163808, *9-10 (N. D. Ind. 2022) (citing *Tutu Wells*, 326 F.3d at 207); *Cannons Eng'g*, 899 F.2d at 87 ("a party should bear the cost of the harm for which it is legally responsible"). Here, Defendants are shouldering the costs incurred by the state and federal governments in responding to the incident and protecting the public. Because Defendants unilaterally caused the harm and the Consent Decree requires them to compensate the government for the full costs of remedying the harm, the Court finds that the Consent Decree is substantively fair.

### iv. **Procedural Fairness**

A consent decree settlement is procedurally fair if the negotiations in reaching the settlement were open and at arms-length. *United States v. BP Prods. N. Am., Inc.*, 2023 U.S. Dist. LEXIS 139522, *9 (N. D. Ind. 2023). Here, according to the Memorandum in Support of the Government's Unopposed Motion to Enter Consent Decree [DE 5], this Consent Decree is the "result of good faith and contested, arms-length bargaining" between counsel for all parties over several months. As a result, this Court finds that the Consent Decree is procedurally fair.

Furthermore, that the Consent Decree was lodged for public comment also supports a finding of procedural fairness. *United States v. N. Ind. P.S.C. LLC*, 2022 U.S. Dist. LEXIS 163808, *9 (N. D. Ind. 2022).

Two comments were received from the public – one from an organization and one from a private citizen. The organization was largely supportive of the Consent Decree and only concerned that information was not publicly available to the communities affected, including the extent of injuries or exact quantification of restoration costs or compensable damages. [DE 5]. During the notice and comment period, the Assessment Plan, containing material information regarding how the government quantified the natural resource and recreational resource injuries, as well as the damages determinations for each category of injury for purposes of settlement negotiations with the Defendants, was made available for public review and comment. [DE 5]. Although the Assessment Plan is no longer publicly available, the Court is satisfied that the public had 30 days to review and comment on the government's findings. The Court does not find this comment indicates that the Consent Decree is inappropriate, improper, or inadequate.

The private citizen's comment asserts that the Consent Decree did not sufficiently penalize the Defendants for the harms they caused and believes that the government should require additional pollution control measures. Merely asserting that a higher penalty should have been assessed in this matter, without further support, does not provide an adequate basis to reject the Consent Decree. *United States v. BP Prods. North America*, 2012 U.S. Dist. LEXIS 158821, *12 (N. D. Ind. 2012). Neither of the comments provide sufficient reasons to deny entry of the Consent Decree.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Consent Decree is fair, reasonable, and consistent with CERCLA's purpose. Therefore, the Government's Unopposed Motion to Enter the Proposed Consent Decree is GRANTED. Accordingly, the Court accepts and enters the Government's Proposed Consent Decree as an order of the Court. The Clerk is INSTRUCTED to ENTER filing [DE 2-1] as the parties' Consent Decree in this matter and to administratively close this case. The Consent Decree will be entered and effective as of the date of this order.

SO ORDERED.

ENTERED: April 25, 2024.

/s/ GRETCHEN S. LUND
Judge
United States District Court